(800)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

_____

UNITED STATES OF AMERICA,                    CASE NO. 2:12-CR-645

        PLAINTIFF,                                      2:12-CR-502

  VS.

MICHAEL L. TAYLOR,                           SALT LAKE CITY, UTAH

        DEFENDANT.                            NOVEMBER 27, 2013

_____

CHANGE OF PLEA AND REVIEW OF DETENTION
BEFORE THE HONORABLE TENA CAMPBELL
UNITED STATES DISTRICT COURT JUDGE

```
 1

 2

 3    APPEARANCES:

 4

 5

 6    FOR THE PLAINTIFF:
                              UNITED STATES ATTORNEY'S OFFICE
                              BY:  KARIN FOJTIK, ESQ.
 7                                 CY H. CASTLE, ESQ.
                                   ROBERT A. LUND, ESQ.
 8                            185 SOUTH STATE STREET, #300
                              SALT LAKE CITY, UTAH 84111
 9                            (801) 524-5682

10    (VIA CONFERENCE CALL)   U.S. DEPARTMENT OF JUSTICE
                              BY:  PETER M. KOSKI, ESQ.
11                                 MARIA N. LERNER, ESQ.
                                   PAMELA HICKS, ESQ.
12                                 ANN MARIE BLAYLOCK BACON, ESQ.
                              1400 NEW YORK AVE. NW, 12TH FLOOR
13                            WASHINGTON, D.C. 20530
                              (202) 514-1412, 54-1263
14
      FOR THE DEFENDANT:
15                            MARINO LAW
                              BY:  DANIEL MARINO, ESQ.
16                            910 17TH STREET, N.W., SUITE 800
                              WASHINGTON, D.C. 20006
17                            (202) 223-8888

18    COURT REPORTER:
                              RAYMOND P. FENLON
19                            350 SOUTH MAIN STREET, #242
                              SALT LAKE CITY, UTAH 84101
20                            (801) 809-4634

21

22

23

24

25
```

2

```
 1                      P-R-O-C-E-E-D-I-N-G-S

 2                        (10:11 A.M.)

 3           THE COURT:  GOOD MORNING.  CAN COUNSEL ON THE

 4   TELEPHONE HEAR ME?

 5           UNIDENTIFIED SPEAKER:  WE CAN, YOUR HONOR.

 6           THE COURT:  ALL RIGHT.  WE ARE HERE IN THE UNITED

 7   STATES VERSUS MICHAEL TAYLOR.  MR. TAYLOR IS HERE WITH

 8   MR. MARINO.  FOR THE U.S. WE HAVE MR. CASTLE, MS. FOJTIK AND

 9   MR. LUND, AND ON THE PHONE WE HAVE MS. LERNER, MS. BLAYLOCK,

10   MR. -- IS IT KOSKI?  AM I SAYING THAT RIGHT OR NOT?

11           UNIDENTIFIED SPEAKER:  YOU ARE, YOUR HONOR.

12           THE COURT:  AND MR. HICKS.  OKAY.  IT'S ANTICIPATED

13   THAT WE'RE HERE FOR A PLEA OF GUILTY IN UNITED STATES VERSUS

14   TAYLOR, 12-CR-502, AND UNITED STATES VERSUS TAYLOR, OF COURSE

15   THERE ARE OTHER DEFENDANTS, 12-CR-645.

16       MR. TAYLOR, IF YOU'D COME FORWARD WITH COUNSEL AND BE

17   SWORN.

18           THE CLERK:  PLEASE RAISE YOUR RIGHT HAND.

19               (DEFENDANT, MICHAEL TAYLOR, SWORN)

20       THANK YOU.

21           THE COURT:  ALL RIGHT.  WHAT I'M GOING TO DO,

22   COUNSEL AND MR. TAYLOR, IS I AM GOING TO COMBINE CERTAIN PARTS

23   OF THE PLEA IN 502 AND 645, BECAUSE IT SEEMS TO ME RATHER

24   REDUNDANT -- RATHER SILLY, RATHER, TO ASK MR. TAYLOR ALL THESE

25   QUESTIONS ABOUT JURIES AND HIS FEELINGS AND THOSE SORTS OF
```

1    THINGS TWICE.  SO I WILL COMBINE THEM.

2         IS THAT ALL RIGHT WITH YOU, MR. MARINO?

3              MR. MARINO:  YES, YOUR HONOR.

4              THE COURT:  AND THE UNITED STATES?

5              MR. CASTLE:  YES, YOUR HONOR.

6              THE COURT:  ALL RIGHT.  MR. TAYLOR, YOU'RE UNDER

7    OATH NOW, SO IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR

8    FALSE OR UNTRUE ANSWER COULD BE USED AGAINST YOU IN A SEPARATE

9    PROSECUTION FOR PERJURY.  DO YOU UNDERSTAND THAT?

10             THE DEFENDANT:  YES, MA'AM.

11             THE COURT:  WHAT IS YOUR FULL, TRUE NAME?

12             THE DEFENDANT:  MICHAEL LEROY TAYLOR.

13             THE COURT:  AND, MR. TAYLOR, I KNOW YOU SPEAK AND

14   YOU UNDERSTAND ENGLISH AND YOU ALSO READ AND WRITE ENGLISH; AM

15   I RIGHT?

16             THE DEFENDANT:  YES, MA'AM.

17             THE COURT:   HOW ARE YOU FEELING TODAY, OTHER THAN

18   PERHAPS NERVOUS, ETCETERA?  PHYSICALLY HOW ARE YOU?

19             THE DEFENDANT:  OKAY.

20             THE COURT:  HAVE YOU TAKEN ANY DRUGS OR MEDICATIONS

21   OR PILLS IN THE LAST COUPLE OF DAYS?

22             THE DEFENDANT:  NO.

23             THE COURT:  HAVE YOU DRUNK ANY ALCOHOL IN THE LAST

24   COUPLE OF DAYS?

25             THE DEFENDANT:  NO.

1          THE COURT:  NO.  IS THERE ANYTHING THAT'S GOING ON

2    WITH YOU EITHER PHYSICALLY OR MENTALLY OR EMOTIONALLY THAT

3    COULD INTERFERE WITH YOUR ABILITY TO THINK OR UNDERSTAND?

4          THE DEFENDANT:  NO, MA'AM.

5          THE COURT:  DO YOU KNOW THAT YOU ARE HERE TO PLEAD

6    GUILTY IN TWO SEPARATE CASES?

7          THE DEFENDANT:  YES.

8          THE COURT:  MR. MARINO, I'M SURE THAT IN THE LAST

9    COUPLE OF DAYS YOU'VE SPOKEN EXTENSIVELY WITH MR. TAYLOR; AM I

10   RIGHT?

11         MR. MARINO:  YES, MA'AM.

12         THE COURT:  AND IN ALL YOUR INTERACTIONS WITH HIM,

13   DO YOU BELIEVE THAT HE IS COMPETENT TO PLEAD GUILTY?

14         MR. MARINO:  I DO, YOUR HONOR.

15         THE COURT:  MR. TAYLOR, HAVE YOU HAD ALL THE TIME

16   YOU NEED TO TALK ABOUT BOTH THESE CASES, THE 502 AND THE 645?

17   DO YOU KNOW WHAT I MEAN WHEN I SAY 502 AND 645?

18         THE DEFENDANT:  YES, YOUR HONOR, I DO.

19         THE COURT:  HAVE YOU HAD ALL THE TIME YOU NEED TO

20   TALK ABOUT THOSE CASES WITH MR. MARINO?

21         THE DEFENDANT:  YES, MA'AM, I HAVE.

22         THE COURT:  AND HAS HE DISCUSSED WITH YOU THE

23   EVIDENCE AND WHAT THE GOVERNMENT WOULD HAVE TO PROVE FOR BOTH

24   OF THOSE CASES?

25         THE DEFENDANT:  YES, MA'AM.

1            THE COURT:  AND HAS HE DISCUSSED WITH YOU IN THE

2    LAST COUPLE OF DAYS THE CONSEQUENCES OF PLEADING GUILTY?

3            THE DEFENDANT:  YES, MA'AM.

4            THE COURT:  DO YOU THINK HE'S DONE A GOOD JOB FOR

5    YOU?

6            THE DEFENDANT:  YES, MA'AM.

7            THE COURT:  ARE YOU SATISFIED WITH HIM?

8            THE DEFENDANT:  INDEED I AM.

9            THE COURT:  JUST BASED ON MR. TAYLOR'S DEMEANOR, HIS

10   ANSWERS TO MY QUESTIONS, THE ANSWER OF MR. MARINO, I CONCLUDE

11   THAT MR. TAYLOR IS FULLY COMPETENT TO ENTER AN INFORMED PLEA

12   AT THIS TIME.

13       MR. TAYLOR, ALTHOUGH YOU ARE COMPETENT TO PLEAD GUILTY,

14   DO YOU UNDERSTAND THAT YOU DO NOT HAVE TO PLEAD GUILTY IN

15   EITHER CASE?

16           THE DEFENDANT:  YES, MA'AM.

17           THE COURT:  YOU HAVE AN ABSOLUTE RIGHT TO A SPEEDY

18   PUBLIC TRIAL BY JURY ON THE CHARGES AGAINST YOU IN BOTH THE

19   502 AND 645.  DO YOU UNDERSTAND THAT?

20           THE DEFENDANT:  YES, MA'AM.

21           THE COURT:  AND IF YOU PLEAD GUILTY TODAY, YOU'RE

22   NOT GOING TO HAVE A TRIAL.  IF YOU PLEAD GUILTY TO 502, YOU

23   WON'T HAVE A TRIAL IN 502.  IF YOU PLEAD GUILTY TO 645, YOU

24   WON'T HAVE A TRIAL IN 645.

25       AND IF YOU DON'T HAVE A TRIAL, YOU'RE GIVING UP SOME VERY

1    IMPORTANT RIGHTS, AND YOU HAVE THESE RIGHTS IN BOTH TRIALS,

2    AND I'M GOING TO EXPLAIN THOSE RIGHTS TO YOU NOW.  AND AS I GO

3    THROUGH THESE RIGHTS, IF YOU'VE GOT ANY QUESTION WHATSOEVER,

4    YOU STOP ME IMMEDIATELY AND MR. MARINO OR I WILL TRY AND

5    ANSWER YOUR QUESTION.

6         AND WHAT I'M GOING TO TELL YOU PERTAINS -- RELATES TO

7    BOTH TRIALS.  DO YOU UNDERSTAND BOTH CASES?

8              THE DEFENDANT:  YES, MA'AM.

9              THE COURT:  YOU DON'T HAVE TO PROVE THAT YOU'RE

10   INNOCENT AT TRIAL BECAUSE YOU'RE PRESUMED INNOCENT, AND THEN

11   IT'S UP TO THE UNITED STATES TO TRY AND PROVE YOU GUILTY

12   BEYOND A REASONABLE DOUBT.  DO YOU UNDERSTAND THAT?

13             THE DEFENDANT:  YES.

14             THE COURT:  FOR YOU TO BE FOUND GUILTY, EACH AND

15   EVERY ONE OF THE 12 JURORS WOULD HAVE TO AGREE THAT THE

16   GOVERNMENT HAD PROVED YOU GUILTY BEYOND A REASONABLE DOUBT.

17   BY THAT I MEAN THERE WOULD HAVE TO BE A UNANIMOUS VERDICT.  DO

18   YOU UNDERSTAND THAT?

19             THE DEFENDANT:  I DO.

20             THE COURT:  AT THE TRIAL, BOTH CASES, YOU WOULD HAVE

21   THE RIGHT TO BE REPRESENTED BY AN ATTORNEY.  NOW, IF YOU

22   COULDN'T AFFORD ONE, AN ATTORNEY WOULD BE PROVIDED TO YOU FREE

23   OF COST.  DO YOU UNDERSTAND THAT?

24             THE DEFENDANT:  YES.

25             THE COURT:  AT THE TRIAL YOU WOULD HAVE THE RIGHT TO

1    SEE AND HEAR ALL OF THE GOVERNMENT'S EVIDENCE.  YOUR ATTORNEY

2    COULD OBJECT TO THAT EVIDENCE.  YOUR ATTORNEY COULD

3    CROSS-EXAMINE THE GOVERNMENT'S WITNESSES.  AND IF YOU WANTED,

4    YOU COULD HAVE WITNESSES AND OTHER EVIDENCE BROUGHT IN HERE

5    FOR YOU AT NO EXPENSE TO YOU.  DO YOU UNDERSTAND THAT?

6              THE DEFENDANT:  YES, MA'AM.

7              THE COURT:  YOU COULD TESTIFY AT THE TRIAL IF YOU

8    WANTED TO, BUT YOU COULDN'T BE FORCED TO TESTIFY IF YOU CHOSE

9    NOT TO.  AND IF YOU DID NOT TESTIFY, I WOULD TELL THE JURY

10   THEY COULD NOT CONSIDER THAT IN ANY WAY WHEN REACHING A

11   VERDICT, AND THEY CERTAINLY COULD NOT DRAW ANY SUGGESTION OR

12   ANY INFERENCE OF GUILT FROM THE FACT YOU DID NOT TESTIFY.  DO

13   YOU UNDERSTAND THAT?

14             THE DEFENDANT:  YES, MA'AM.

15             THE COURT:  IF YOU WERE CONVICTED AT THE TRIAL,

16   EITHER TRIAL OR BOTH TRIALS, YOU COULD APPEAL.  BUT IF YOU

17   PLEAD GUILTY, PARTICULARLY WITH THESE PROPOSED AGREEMENTS,

18   YOUR RIGHT TO APPEAL IS VERY, VERY LIMITED.  DO YOU UNDERSTAND

19   THAT?

20             THE DEFENDANT:  YES, MA'AM.

21             THE COURT:  NOW, LET'S LOOK AT THE 502 CASE.  FIRST

22   OF ALL, I UNDERSTAND THAT MR. TAYLOR IS GOING TO PLEAD GUILTY

23   TO AN INFORMATION.  AM I RIGHT, MR. MARINO AND MR. CASTLE?

24             MR. MARINO:  YES, YOUR HONOR.

25             MR. CASTLE:  YES, YOUR HONOR.

1                  THE COURT:  AND IN FACT THERE IS AN INFORMATION

2     SIGNED BY MR. CASTLE, AND THERE IS A WAIVER OF INDICTMENT THAT

3     BOTH MR. MARINO AND MR. TAYLOR HAVE SIGNED.

4          DID YOU DISCUSS MR. TAYLOR'S RIGHT TO PROCEED BY

5     INDICTMENT WITH HIM, MR. MARINO?

6                  MR. MARINO:  YES, YOUR HONOR.

7                  THE COURT:  AND WHEN HE GAVE UP HIS RIGHT TO PROCEED

8     BY INDICTMENT AND AGREED TO GO FORWARD WITH THIS INFORMATION,

9     DO YOU THINK HE UNDERSTOOD WHAT HE WAS DOING?

10                 MR. MARINO:  YES, YOUR HONOR.

11                 THE COURT:  AND DID YOU THINK THAT HE DID IT

12    VOLUNTARILY?

13                 MR. MARINO:  YES, YOUR HONOR.

14                 THE COURT:  ALL RIGHT.  THE INFORMATION AND THE

15    WAIVER OF INDICTMENT CAN BE FILED.

16         IN THE 502 CASE THE INFORMATION ALLEGES VIOLATION OF A

17    PROHIBITION OF OBTAINING PROCUREMENT INFORMATION.  AND I'M

18    GOING TO TELL YOU NOW WHAT THE GOVERNMENT HAS TO PROVE FOR YOU

19    TO BE FOUND GUILTY OF THIS CHARGE.  HAVE YOU DISCUSSED THE

20    CHARGE WITH MR. TAYLOR --

21                 THE DEFENDANT:  YES, YOUR HONOR I HAVE.

22                 THE COURT:  -- WITH MR. MARINO?  ALL RIGHT.  AND AS

23    YOU LISTEN TO ME GO THROUGH THEM, I WANT YOU TO UNDERSTAND

24    THAT THE GOVERNMENT WOULD HAVE TO PROVE EVERY ONE OF THESE

25    SEVEN ELEMENTS BEYOND A REASONABLE DOUBT, AND IF THEY COULDN'T

1    PROVE JUST ONE, YOU WOULD NOT BE FOUND GUILTY.  DO YOU

2    UNDERSTAND THAT?

3              THE DEFENDANT:  I DO, YOUR HONOR.

4              THE COURT:  FIRST THING THE GOVERNMENT WOULD HAVE TO

5    PROVE IS THAT YOU OBTAINED CONTRACTOR BID OR PROPOSAL

6    INFORMATION OR SOURCE SELECTION INFORMATION.

7         SECOND, THAT YOU GOT IT FROM A FEDERAL OFFICIAL.

8         THIRD, THE INFORMATION HAD NOT BEEN PREVIOUSLY MADE

9    AVAILABLE TO THE PUBLIC OR DISCLOSED PUBLICLY.

10        FOURTH, YOU KNOWINGLY OBTAINED INFORMATION, IN OTHER

11   WORDS, IT WASN'T A MISTAKE.  YOU KNEW YOU WERE GETTING

12   INFORMATION.

13        FIFTH, YOU KNOWINGLY OBTAINED THE INFORMATION BEFORE THE

14   AWARD OF A FEDERAL AGENCY PROCUREMENT CONTRACT.

15        SIXTH, THE INFORMATION OBTAINED, THAT YOU GOT, RELATED TO

16   A FEDERAL AGENCY PROCUREMENT CONTRACT.

17        AND, FINALLY, YOU KNOWINGLY EITHER EXCHANGED THE

18   INFORMATION FOR SOMETHING OF VALUE OR YOU OBTAINED IT TO

19   OBTAIN COMPETITIVE ADVANTAGE IN THE AWARD OF A FEDERAL AGENCY

20   PROCUREMENT CONTRACT.

21        NOW, DID YOU UNDERSTAND THAT?

22             THE DEFENDANT:  YES, MA'AM, I DO.

23             THE COURT:  THE MAXIMUM POSSIBLE PENALTY THAT YOU

24   COULD GET -- ALTHOUGH YOU REALIZE THAT THIS IS A DIFFERENT

25   KIND OF A PLEA.  YOU UNDERSTAND THAT?  IT'S AN 11(C)(1)(C)?

1             THE DEFENDANT:  YES, MA'AM.

2             THE COURT:   WITH TWO YEARS, FOR EACH TO RUN

3    CONCURRENT.  DO YOU UNDERSTAND THAT?

4             THE DEFENDANT:  I DO.

5             THE COURT:  HOWEVER, I WANT YOU TO ALSO KNOW WHAT

6    THE MAXIMUM POSSIBLE PENALTIES IN EACH CASE IS.  FIRST OF ALL,

7    LOOKING AT 502, YOU COULD GET -- IN FACT NOW I THINK I'M GOING

8    TO JUST GO WITH 502.  EVERYTHING WE'RE TALKING ABOUT NOW IS

9    502, AND WE'LL GET TO 645 LATER.

10       FOR 502 THE MAXIMUM POSSIBLE PENALTY FOR THE INFORMATION

11   IS IMPRISONMENT FOR UP TO FIVE YEARS, A FINE OF UP TO

12   $250,000, OR TWICE THE GROSS MONEY GAIN -- GAIN OF LOSS.

13       WHAT'S A GAIN OF LOSS, MR. CASTLE?

14            MR. CASTLE:  YOUR HONOR, IT WOULD BE THE GAIN UNDER

15   THE CONTRACT.

16            THE COURT:  OKAY.  WHAT DOES THE OR LOSS MEAN?  DOES

17   THAT NOT MEAN MUCH?

18            MR. MARINO:  I THINK IT'S A TYPO, YOUR HONOR.

19            THE COURT:  GAIN OR LOSS, OKAY, BECAUSE I DON'T --

20   OKAY, GAIN OR LOSS.  ALL RIGHT.  AND IN THIS CASE IT WOULD BE

21   TWICE THE MONEY GAIN CAUSED BY YOUR GETTING THE INFORMATION,

22   AND, IF I PLACE YOU IN CUSTODY, A TERM OF SUPERVISED RELEASE

23   OF UP TO THREE YEARS.  DURING THE PERIOD OF SUPERVISED RELEASE

24   YOU HAVE TO FOLLOW CERTAIN RULES OR OBEY CERTAIN CONDITIONS,

25   AND IF YOU VIOLATE ANY OF THOSE RULES OR CONDITIONS, YOU COULD

1   BE SENT BACK TO PRISON WITHOUT A TRIAL, AND THEN THAT TIME

2   WOULD BE IN ADDITION TO ANY TIME YOU HAD ALREADY SERVED.  DO

3   YOU UNDERSTAND THAT?

4           THE DEFENDANT:  YES, MA'AM.

5           THE COURT:  ALSO, I AM REQUIRED TO IMPOSE A $100

6   SPECIAL ASSESSMENT OF -- THAT IS DUE AT TIME OF SENTENCING.

7   THERE IS GOING TO BE A FORFEITURE COMPONENT, AM I CORRECT,

8   MR. CASTLE, OR IS IT -- AND A RESTITUTION -- IT'S NOT

9   RESTITUTION.

10          MR. CASTLE:  NO, IT IS NOT, YOUR HONOR.  THERE IS A

11  FORFEITURE COMPONENT, AND THAT WILL BE TAKEN CARE -- WELL,

12  THERE'S TWO PARTS TO THE FORFEITURE ISSUE.  IN THE CRIMINAL

13  CASE IT RELATES TO THE $50,000 THAT WE HAVE FROZEN, TOGETHER

14  WITH TWO VEHICLES.  AND THEN THERE'S A FORFEITURE CIVIL CASE,

15  AND WE'LL BE RESOLVING THAT CASE SEPARATELY.

16          THE COURT:  SO YOU REALIZE, AND YOU'VE DISCUSSED

17  THOSE, THAT THERE WILL BE A FINANCIAL PART OF THIS PLEA.  YOU

18  UNDERSTAND THAT?

19          MR. MARINO:  WELL, YOUR HONOR, IF I CAN SAY, OUR

20  UNDERSTANDING, AGAIN, OUR INTENT WITH THE PLEA AGREEMENT, WAS

21  THAT THE FORFEITURE ALLEGATIONS IN THIS CASE WOULD BE -- ARE

22  DISMISSED.  THE INDICTMENT IS BEING DISMISSED COMPLETELY, AND

23  WE'RE PLEADING TO THE ONE COUNT INFORMATION.

24      THE FORFEITURE, WE'RE RECOGNIZING THAT THERE IS A CIVIL

25  FORFEITURE CASE, WHICH WE ARE SEPARATELY SETTLING, WITH NO

1    ADMISSION OF LIABILITY OR FAULT.  IT'S A COMPROMISE OF

2    DISPUTED ISSUES AND SO THAT'S ALL IN THE CIVIL CASE, EXCEPT

3    FOR THE ITEMS WHICH THE COURT DID SEIZE IN THIS CASE WHICH WE

4    UNDERSTAND WILL BE RELEASED.

5                THE COURT:  ALL RIGHT.  IS THAT YOUR UNDERSTANDING

6    AS WELL, MR. CASTLE?

7                MR. CASTLE:  YOUR HONOR, IT IS, AND I'M SORRY I

8    WASN'T CLEAR ON THAT, BUT THAT'S CORRECT.

9                THE COURT:  WELL, IT'S PRETTY COMPLICATED.

10      AND IT'S -- MOST IMPORTANTLY, DO YOU UNDERSTAND THAT,

11   MR. TAYLOR?

12               THE DEFENDANT:  YES, MA'AM, I DO.

13               THE COURT:  I ALSO WANT YOU TO UNDERSTAND THAT IF I

14   ACCEPT YOUR PLEA OF GUILTY, YOU'RE GOING TO LOSE SOME VALUABLE

15   CIVIL RIGHTS.  YOU'RE GOING TO LOSE THE RIGHT TO VOTE.  YOU'RE

16   GOING TO LOSE THE RIGHT TO SERVE ON A JURY.  YOU'RE GOING TO

17   LOSE THE RIGHT TO HOLD PUBLIC OFFICE OR TO EVER POSSESS A

18   FIREARM.  DO YOU UNDERSTAND THAT?

19               THE DEFENDANT:  YES, MA'AM.

20               THE COURT:  DID YOU AND MR. MARINO, ALTHOUGH I KNOW

21   IT MIGHT NOT BE AS RELEVANT IN YOUR CASE, BUT I WANT TO MAKE

22   SURE THAT THE TWO OF YOU DISCUSSED SOMETHING CALLED THE

23   SENTENCING GUIDELINES.  DID YOU?

24               THE DEFENDANT:  YES, MA'AM.

25               THE COURT:  AND DID YOU UNDERSTAND THAT?

1          THE DEFENDANT:  I DID.

2          THE COURT:  ALL RIGHT.  YOU'VE GOT IN FRONT OF

3  YOU -- LET'S JUST LOOK AT THE 502 CASE.  YOU'VE GOT IN FRONT

4  OF YOU THIS DOCUMENT CALLED STATEMENT BY DEFENDANT IN ADVANCE

5  OF PLEA OF GUILTY.  DID YOU GO OVER THIS DOCUMENT WITH

6  MR. MARINO?

7          THE DEFENDANT:  YES, MA'AM.

8          THE COURT:  DID HE EXPLAIN IT TO YOU?

9          THE DEFENDANT:  HE DID.

10         THE COURT:  DO YOU BELIEVE THAT YOU HAVE DISCUSSED

11  IT THOROUGHLY WITH HIM?

12         THE DEFENDANT:  YES, MA'AM, I DO.

13         THE COURT:  ANY QUESTIONS THAT YOU HAVE EITHER ABOUT

14  ANYTHING IN THIS DOCUMENT OR ABOUT ANYTHING THAT'S GONE ON SO

15  FAR?

16         THE DEFENDANT:  NO, MA'AM.  I UNDERSTAND IT.

17         THE COURT:  ALL RIGHT.  I WANT YOU TO TURN TO PAGE

18  FIVE.  AND IT SAYS, PARAGRAPH 12, HERE IS THE ONLY AGREEMENT

19  CONTAINED IN THESE DOCUMENTS BETWEEN YOU, MR. TAYLOR, AND THE

20  UNITED STATES.  AND IT'S PAGE FIVE, PAGE SIX AND DOWN TO THE

21  BOTTOM OF PAGE SEVEN.  DID YOU CAREFULLY GO OVER THAT WITH

22  MR. MARINO?

23         THE DEFENDANT:  YES, MA'AM, I DID.

24         THE COURT:  DID HE ANSWER ANY QUESTIONS THAT YOU

25  MIGHT HAVE ABOUT IT?

1          THE DEFENDANT:  HE DID.

2          THE COURT:  ANYTHING YOU WANT TO ASK HIM ABOUT IT?

3          THE DEFENDANT:  NO.  I UNDERSTAND IT.

4          THE COURT:  OKAY.  I'M GOING TO GO OVER IT WITH YOU

5  NOW.

6          THE DEFENDANT:  OKAY.

7          THE COURT:  SOMETIMES I MIGHT SUMMARIZE IT A LITTLE

8  BIT, BUT I WANT TO MAKE SURE THAT AS WE'RE GOING OVER IT, IF

9  YOU'VE GOT ANY QUESTION WHATSOEVER, YOU STOP ME IMMEDIATELY

10  AND MR. MARINO OR I WILL TRY AND ANSWER YOUR QUESTION.  ALL

11  RIGHT?

12          THE DEFENDANT:  THANK YOU.

13          THE COURT:  OKAY.  HERE IS WHAT YOU'RE PROMISING OR

14  AGREEING TO DO.  YOU'RE GOING TO PLEAD GUILTY TO THAT CHARGE

15  IN THE INFORMATION WE WENT OVER.

16          THE DEFENDANT:  UH-HUH.

17          THE COURT:  YOU ALSO UNDERSTAND THAT YOU WOULD HAVE

18  A RIGHT TO APPEAL -- USUALLY YOU WOULD HAVE A RIGHT TO APPEAL

19  YOUR SENTENCE, AND THAT'S EXPLAINED IN PARAGRAPH EIGHT, BUT

20  YOU ARE GIVING UP YOUR RIGHT TO APPEAL ANY SENTENCE THAT I

21  GIVE YOU, EXCEPT, OF COURSE, IF I GAVE YOU A SENTENCE THAT IS

22  MORE THAN THE 11(C)(1)(C), THE TWO YEARS.  DO YOU UNDERSTAND

23  THAT?

24          THE DEFENDANT:  YES, MA'AM.

25          THE COURT:  YOU ARE ALSO GIVING UP YOUR RIGHT TO

1   COLLATERALLY ATTACK YOUR SENTENCE, UNLESS, OF COURSE, YOU

2   COULD CLAIM IN GOOD FAITH THAT YOU RECEIVED INEFFECTIVE

3   ASSISTANCE OF COUNSEL IN CONNECTION WITH THIS PLEA.  DO YOU

4   UNDERSTAND THAT?

5           THE DEFENDANT:  YES MA'AM.

6           THE COURT:  THE GOVERNMENT STILL KEEPS ITS RIGHT TO

7   APPEAL.  HOWEVER, IF THE GOVERNMENT APPEALS, THEN YOU WOULD

8   HAVE A RIGHT TO APPEAL AND YOU WOULD ALSO HAVE A RIGHT TO FILE

9   A COLLATERAL ATTACK MOTION.  DO YOU UNDERSTAND THAT?

10          THE DEFENDANT:  YES, YOUR HONOR, I DO.

11          THE COURT:  IF FOR SOME REASON I FOUND THAT YOU

12  DIDN'T FULFILL ALL THE OBLIGATIONS UNDER THIS AGREEMENT, OR IF

13  YOU WERE TO WITHDRAW YOUR GUILTY PLEA, YOU CAN'T CLAIM UNDER

14  ANY AUTHORITY, AND IT'S SET FORTH HERE, THAT WHAT YOU SAY IN

15  THIS HEARING COULD NOT BE USED AGAINST YOU.  DO YOU UNDERSTAND

16  THAT?

17          THE DEFENDANT:  YES, YOUR HONOR.

18          THE COURT:  AND YOU REALIZE THAT WHEN THE UNITED

19  STATES PROBATION OFFICE PREPARES YOUR PRESENTENCE REPORT,

20  THEY'RE GOING TO WANT ALL YOUR FINANCIAL INFORMATION, AND WHAT

21  THEY'RE WANTING IS SET FORTH IN PARAGRAPH FOUR.  HAVE YOU GONE

22  OVER THAT?

23          THE DEFENDANT:  YES, MA'AM.

24          THE COURT:  AND IF IN FACT YOU ENGAGE IN ANY

25  CRIMINAL CONDUCT, OR IF YOU VIOLATE ANY CONDITION OF RELEASE

1   BEFORE SENTENCING, THE GOVERNMENT MIGHT MOVE TO CHANGE YOUR

2   CONDITION OF RELEASE OR TO REVOKE YOUR RELEASE.  YOU

3   UNDERSTAND THAT?

4           THE DEFENDANT:  YES, MA'AM.

5           THE COURT:  YOU AGREE THAT ALL ISSUES RELATING TO

6   THE $5,203,196.80 THAT WAS SEIZED FROM AISC'S MELLON BANK

7   ACCOUNT, AND THE NUMBER IS GIVEN THERE, WILL BE RESOLVED IN

8   CIVIL CASE NUMBER, AND THEN IT GIVES THE CIVIL CASE NUMBER,

9   AND THAT'S IN FRONT OF JUDGE KIMBALL.  AND YOU AGREE, YOU

10  UNDERSTAND, THAT ANY AGREEMENT TO SETTLE THE FORFEITURE ISSUES

11  IN THAT CASE HAS TO BE APPROVED BY THE ASSET FORFEITURE AND

12  MONEY LAUNDERING SECTION OF THE DEPARTMENT OF JUSTICE.  DO YOU

13  UNDERSTAND THAT?

14          THE DEFENDANT:  YES, MA'AM.

15          THE COURT:  ALL RIGHT.  AND YOU ALSO UNDERSTAND THAT

16  AS PART OF THIS PLEA AGREEMENT THE UNITED STATES HAS AGREED TO

17  RELEASE AND WILL NOT SEEK FORFEITURE OF $50,000 FROM THIS

18  ACCOUNT AT ROLLSTONE BANK & TRUST.  THEY ALSO ARE GOING TO

19  RELEASE THE 2011 LAND ROVER -- LAND ROVER RANGE ROVER, AND

20  THERE'S ITS V.I.N. NUMBER, AND THE 2010 LAND ROVER RANGE

21  ROVER, AND ITS V.I.N. NUMBER.  DO YOU UNDERSTAND ALL OF THAT?

22          THE DEFENDANT:  YES, MA'AM.

23          THE COURT:  OKAY.  THIS IS WHAT YOU'RE PROMISING TO

24  DO.  NOW, THE GOVERNMENT IS AGREEING --

25          THE DEFENDANT:  I'M SORRY, I DIDN'T HEAR THAT LAST

1    PART.

2           THE COURT:  OKAY.  THAT'S WHAT YOU'RE PROMISING TO

3    DO.

4           THE DEFENDANT:  OH, OKAY.

5           THE COURT:  THIS IS YOUR PART OF IT.

6           THE DEFENDANT:  YES, MA'AM.

7           THE COURT:  SO NOW WE'RE MOVING ON TO THE

8    GOVERNMENT'S AGREEMENT.  AT TIME OF SENTENCING THEY WILL ASK

9    ME TO DISMISS THE INDICTMENT THAT'S AGAINST YOU AND AMERICAN

10   INTERNATIONAL SECURITY CORPORATION.  THEY WILL ASK ME TO WAIVE

11   INTEREST FOR FINES AND RESTITUTION THAT MIGHT BE IMPOSED

12   AGAINST YOU.

13       ALSO, THE UNITED STATES WILL AGREE TO FORFEIT ITS CLAIM

14   AGAINST APPROXIMATELY $50,000 THAT'S DEPOSITED INTO ROLLSTONE

15   BANK & TRUST ON OR ABOUT SEPTEMBER 21ST, 2012 INTO AN ACCOUNT

16   IN THE NAME OF MS. TAYLOR, AND ALSO IT'S A 2011 LAND ROVER AND

17   THE 2010 LAND ROVER.  THIS IS JUST PART AND PARCEL OF WHAT WAS

18   GONE OVER BEFORE.

19       THEN TOGETHER YOU AND THE GOVERNMENT AGREE THAT THE

20   SENTENCE THAT I WILL IMPOSE WILL NOT EXCEED 24 MONTHS

21   IMPRISONMENT, AND FURTHER AGREE THAT NOT MORE THAN 24 MONTHS

22   IMPRISONMENT IS AN APPROPRIATE SENTENCE.  YOU'RE ALSO

23   AGREEING, AND THEY'RE GOING TO RECOMMEND, THAT THE TWO

24   SENTENCES IN THE 502 CASE AND THE 645 CASE -- WHICH HAS GOT

25   THE WRONG NUMBER THERE, OKAY?  MINE HAS 602.  SO IT'S 645 --

1  WILL RUN CONCURRENTLY.  DO YOU UNDERSTAND THAT?

2          THE DEFENDANT:  YES, MA'AM.

3          THE COURT:  LET ME TELL YOU HOW THIS IS GOING TO

4  WORK.  IF WE GET ALL THE WAY THROUGH THIS AND YOU PLEAD GUILTY

5  AND I ACCEPT YOUR PLEA, AND THEN AT -- SHORTLY BEFORE

6  SENTENCE, AFTER I READ THE PRESENTENCE REPORTS, IF I SAID I

7  CANNOT AGREE TO THE TWO YEARS TO RUN CONCURRENTLY, IF I CAN'T

8  AGREE TO THAT, I WOULD LET YOU KNOW.  I'D LET YOU KNOW THROUGH

9  YOUR ATTORNEY, AND I WOULD LET THE GOVERNMENT KNOW.  OKAY?

10  AND THEN YOU WOULD HAVE THE RIGHT TO WITHDRAW YOUR GUILTY PLEA

11  OR PLEAS AND GO TO TRIAL.  DO YOU UNDERSTAND THAT?

12          THE DEFENDANT:  YES, MA'AM.

13          THE COURT:  ALL RIGHT.  AND THAT'S WHAT PARAGRAPH

14  TWO TALKS ABOUT.  I HAVE TO APPROVE IT, AND THEN THERE WILL BE

15  A PRESENTENCE REPORT, AND YOU'RE BOTH GOING TO COOPERATE, YOU

16  AND THE GOVERNMENT, IN THE PREPARATION OF THE PRESENTENCE

17  REPORT.

18      AND HERE IS WHAT I JUST TOLD YOU, THAT IF I DON'T THINK

19  THAT SENTENCE IS APPROPRIATE, I WILL GIVE YOU A CHANCE TO

20  WITHDRAW YOUR GUILTY PLEA.

21      THEN THE GOVERNMENT IS GOING TO REQUEST TODAY THAT I

22  RELEASE YOU FROM CUSTODY PENDING SENTENCE PURSUANT TO THE

23  FOLLOWING CONDITION:  TO THE SUPERVISION OF PRETRIAL SERVICES

24  AND SUBJECT TO THE CONDITIONS PRETRIAL SERVICES IMPOSES.  AND

25  I GATHER WHAT THEY'RE GOING TO DO IS THEY'RE GOING TO CONTACT,

1  THEY ALREADY HAVE CONTACTED, THE PROBATION OFFICE IN BOSTON

2  AND YOU'LL BE SUPERVISED OUT OF THERE.  AND YOU ARE GOING TO

3  POST AN APPEARANCE BOND THAT'S SECURED BY THE REAL PROPERTY

4  LOCATED, AND YOU CAN SEE ALL THE REAL PROPERTY.  HAVE YOU GONE

5  OVER THAT?

6        THE DEFENDANT:  YES, MA'AM.

7        THE COURT:  ALL RIGHT.  AND THEN EVERYTHING ELSE IS

8  GOING TO BE STANDARD.

9     NOW, DO YOU UNDERSTAND EVERYTHING THAT I'VE JUST GONE

10  OVER?

11        THE DEFENDANT:  YES, YOUR HONOR, I DO.

12        THE COURT:  HAS ANYBODY FORCED YOU OR THREATENED YOU

13  IN ANY WAY TO MAKE YOU ENTER INTO THIS AGREEMENT?

14        THE DEFENDANT:  NO, MA'AM.

15        THE COURT:  HAS ANYBODY FORCED YOU OR THREATENED YOU

16  TO MAKE YOU OFFER YOUR GUILTY PLEA TODAY?

17        THE DEFENDANT:  NO, MA'AM.

18        THE COURT:  I WANT YOU TO TURN BACK TO PAGE FOUR.

19  ALL RIGHT.  PARAGRAPH 11, AND IT GOES OVER A LITTLE BIT TO

20  PAGE FIVE, SAYS THESE ARE THE FACTS THE GOVERNMENT CONTENDS

21  SHOW YOU'RE GUILTY.  IN JUST A MOMENT I'M GOING TO ASK YOU IF

22  THESE ARE TRUE.  FIRST I WANT YOU TO UNDERSTAND THAT YOU DO

23  HAVE AN ABSOLUTE RIGHT TO REMAIN SILENT.  DO YOU KNOW THAT?

24        THE DEFENDANT:  YES, MA'AM.

25        THE COURT:  AND IF YOU ANSWER ME, YOU'LL BE GIVING

1   UP THAT FIFTH AMENDMENT RIGHT.  DO YOU UNDERSTAND THAT?

2              THE DEFENDANT:  YES, MA'AM.

3              THE COURT:  BUT IF YOU DO ANSWER ME, YOU MAKE SURE

4   YOUR ANSWER IS HONEST BECAUSE YOU'RE UNDER OATH.

5              THE DEFENDANT:  YES, MA'AM.

6              THE COURT:  HAVE YOU GONE OVER THESE FACTS, AND

7   THERE ARE NINE OF THEM?

8              THE DEFENDANT:  I HAVE.

9              THE COURT:  AND DID YOU GO OVER THEM WITH

10  MR. MARINO?

11             THE DEFENDANT:  YES.

12             THE COURT:  DO YOU -- ARE THEY ACCURATE?  ARE THESE

13  TRUE FACTS?

14             THE DEFENDANT:  THEY'RE ACCURATE, YOUR HONOR.

15             THE COURT:  ALL RIGHT.  IF YOU WANT, YOU MAY SIGN

16  THE DOCUMENT.

17        MR. CASTLE, DO YOU THINK I HAVE COMPLIED WITH RULE 11?

18             MR. CASTLE:  YES, YOUR HONOR, I BELIEVE YOU HAVE.

19             THE COURT:  ALL RIGHT.  HOW ABOUT YOU, MR. MARINO?

20  YOU THINK I'VE COMPLIED WITH RULE 11?  IS THERE ANYTHING ELSE

21  THAT I SHOULD ASK AS FAR AS THE 502 CASE?

22             MR. MARINO:  NO, YOUR HONOR.  I JUST, AND AS WE

23  MENTIONED IN CHAMBERS, JUST WANTED TO MAKE CLEAR THAT WITH

24  RESPECT TO THE LIMITATION ON SENTENCE THAT NO FINES OR

25  RESTITUTION WOULD BE AUTHORIZED UNDER THE AGREEMENT.

1          THE COURT:  THAT IS CORRECT.  OKAY.  IF YOU'VE

2   SIGNED THESE DOCUMENTS, IF YOU WANT TO FILE THEM, PLEASE.

3          MR. MARINO:  HE'S -- MR. TAYLOR HAS EXECUTED THE

4   DOCUMENT.

5          THE COURT:  HAVE YOU AS WELL?

6          MR. MARINO:  YES, YOUR HONOR.

7          THE COURT:  AND THE GOVERNMENT?

8          MR. CASTLE:  YES, YOUR HONOR.

9          THE COURT:  LET ME HAVE THEM, PLEASE.  GIVE THEM TO

10  MS. MCNAMEE.  DO YOU HAVE THE ADDENDUM AS WELL?  MR. MARINO,

11  DO YOU HAVE THE ADDENDUM OR MR. CASTLE?  MR. CASTLE?

12         MR. CASTLE:  YOUR HONOR, I THOUGHT I HAD IT, BUT I

13  CAN EXECUTE ANOTHER ONE.

14         THE COURT:  LET'S HAVE IT DONE RIGHT NOW.

15         MR. MARINO:  YOUR HONOR, IF I CAN APPROACH, I --

16         THE COURT:  PLEASE.

17         MR. MARINO:  -- HAVE A FULLY EXECUTED COPY.

18         THE COURT:  GIVE IT TO MS. MCNAMEE.

19       ALL RIGHT, THE DOCUMENTS MAY BE FILED.  ALL RIGHT.  IF

20  YOU WANT TO READ THE INFORMATION, MS. MCNAMEE.

21         THE CLERK:  THE UNITED STATES ATTORNEY CHARGES:

22  COUNT ONE, 41 U.S.C. SECTIONS 2102(B) AND 2105.  FROM ON OR

23  ABOUT FEBRUARY 2007 TO ON OR ABOUT JUNE 2007, WITHIN THE

24  CENTRAL DISTRICT -- WITHIN THE CENTRAL DIVISION OF THE

25  DISTRICT OF UTAH AND AT A PLACE OUTSIDE THE TERRITORIAL

1    JURISDICTION OF THE UNITED STATES, TO WIT, AFGHANISTAN AND

2    ELSEWHERE, MICHAEL TAYLOR AND AMERICAN INTERNATIONAL SECURITY

3    CORPORATION, AISC, DEFENDANTS HEREIN, KNOWINGLY OBTAINED

4    SOURCE SELECTION INFORMATION BEFORE THE AWARD OF THE FEDERAL

5    AGENCY PROCUREMENT CONTRACT TO WHICH THE INFORMATION RELATED,

6    TO WIT, A SOLICITATION FOR THE PROVISION OF CERTAIN TRAINING

7    AND MENTORING SERVICES IN SUPPORT OF THE UNITED STATES ARMY AT

8    THE COMBINED JOINT SPECIAL OPERATION TASK FORCE AFGHANISTAN,

9    TO OBTAIN A COMPETITIVE ADVANTAGE, IN VIOLATION OF TITLE 41

10   UNITED STATES CODE SECTIONS 2102(B) AND 2105, DATED THIS 27TH

11   DAY OF NOVEMBER, 2013, SIGNED BY THE ASSISTANT UNITED STATES

12   ATTORNEY.

13            THE COURT:  HOW DO YOU PLEAD TO THAT, MR. TAYLOR,

14   GUILTY OR NOT?

15            THE DEFENDANT:  GUILTY.

16            THE COURT:  I FIND YOU GUILTY OF THAT CHARGE.

17       NOW LET'S RETURN TO THE 645 CASE.  LET'S TALK ABOUT THE

18   ELEMENTS TO WHICH -- THAT MUST BE PROVED.  I UNDERSTAND THAT

19   IT'S CONTEMPLATED THAT MR. TAYLOR IS GOING TO PLEAD GUILTY TO

20   COUNT TWO OF THE INDICTMENT.

21       AM I RIGHT, MR. CASTLE?  OR WHOM WOULD I BE ASKING?

22            MS. FOJTIK:  I'M REPRESENTING THE UNITED STATES,

23   YOUR HONOR, ON THIS MATTER.

24            THE COURT:  IS IT COUNT TWO?

25            MS. FOJTIK:  IT IS, YOUR HONOR.

1          THE COURT:  AND, MR. MARINO, IS THAT YOUR AND

2     MR. TAYLOR'S UNDERSTANDING?

3          MR. MARINO:  YES, YOUR HONOR.

4          THE COURT:  ALL RIGHT.  COUNT TWO, WHICH IS WIRE

5     FRAUD, 18 U.S.C. SECTIONS 1346, 1343 AND 2, ARE -- REMEMBER,

6     MR. TAYLOR, THIS IS WHAT THE GOVERNMENT WOULD HAVE TO PROVE,

7     EACH AND EVERY ELEMENT BEYOND A REASONABLE DOUBT FOR YOU TO BE

8     FOUND GUILTY IN 645.  AND IF THERE WAS JUST ONE ELEMENT THE

9     GOVERNMENT COULD NOT PROVE BEYOND A REASONABLE DOUBT, YOU

10    WOULD NOT BE FOUND GUILTY.  DO YOU UNDERSTAND THAT?

11         THE DEFENDANT:  YES, MA'AM.

12         THE COURT:  FIRST OF ALL, THEY WOULD HAVE TO PROVE

13    THAT YOU KNOWINGLY DEVISED OR PARTICIPATED IN A SCHEME TO

14    DEFRAUD THE PUBLIC OF ITS RIGHT TO THE HONEST SERVICES OF

15    FORMER F.B.I. SPECIAL AGENT ROBERT G. LUSTYIK, JR., THROUGH

16    BRIBERY; TWO, YOU DID SO KNOWINGLY AND WITH AN INTENT TO

17    DEFRAUD; THIRD, THE SCHEME OR ARTIFICE TO DEFRAUD INVOLVED A

18    MATERIAL MISREPRESENTATION, FALSE STATEMENT, FALSE PRETENSE,

19    OR CONCEALMENT OF FACT; AND, FOURTH, IN ADVANCING OR

20    FURTHERING OR CARRYING OUT THE SCHEME TO DEFRAUD, YOU

21    TRANSMITTED OR CAUSED TO BE TRANSMITTED ANY WRITING, SIGNAL,

22    OR SOUND BY MEANS OF A WIRE COMMUNICATION IN INTERSTATE OR

23    FOREIGN COMMERCE.

24        DO YOU UNDERSTAND THOSE ELEMENTS?

25         THE DEFENDANT:  I DO, YOUR HONOR.

1          THE COURT:  AND HAVE YOU AND MR. MARINO DISCUSSED

2     THE EVIDENCE AND WHAT THE GOVERNMENT HAS TO PROVE?

3          THE DEFENDANT:  WE HAVE.

4          THE COURT:  NOW I'M GOING TO TELL YOU WHAT THE

5     MAXIMUM POSSIBLE PENALTIES ARE.  FIRST OF ALL, IT WOULD BE

6     IMPRISONMENT OF 20 YEARS, A FINE OF $250,000 OR A FINE OF

7     TWICE THE PECUNIARY GAIN OR LOSS PURSUANT TO 18 U.S.C. SECTION

8     3571(D).  AND IF I PLACE YOU IN PRISON, ONCE YOU WERE RELEASED

9     THERE WOULD BE SUPERVISION.  AND, AGAIN, SUPERVISION MEANS YOU

10    HAVE TO FOLLOW RULES AND CONDITION OF UP TO THREE YEARS.

11    THERE'S ALSO A SPECIAL ASSESSMENT OF $100 THAT'S DUE

12    IMMEDIATELY.

13        AGAIN, I TOLD YOU YOU WOULD LOSE CIVIL RIGHTS, VALUABLE

14    CIVIL RIGHTS, THE RIGHT TO VOTE, TO SERVE ON A JURY, TO

15    POSSESS A FIREARM, OR TO HOLD PUBLIC OFFICE.  AND THERE IS

16    A --

17        IS THERE A FORFEITURE COMPONENT IN THIS?  I DO NOT

18    BELIEVE SO.

19          MS. FOJTIK:  NO, THERE IS NOT, YOUR HONOR.

20          THE COURT:  AND THERE'S NO -- CERTAINLY NO

21    RESTITUTION.  AND YOU DISCUSSED THE SENTENCING GUIDELINES IN

22    THIS CASE AS WELL; AM I CORRECT?

23          THE DEFENDANT:  I DID, YOUR HONOR.

24          THE COURT:  I WANT YOU TO TURN TO THE DOCUMENT IN

25    645, THE STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY.

1    NOW, DID YOU GO OVER THIS DOCUMENT CAREFULLY WITH MR. MARINO?

2           THE DEFENDANT:  YES, YOUR HONOR, I DID.

3           THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT ANYTHING

4    IN THIS DOCUMENT?

5           THE DEFENDANT:  NO.  I UNDERSTAND IT, YOUR HONOR.

6           THE COURT:  ALL RIGHT.  I WANT YOU TO TURN TO

7    PAGE -- REALLY IT STARTS ON PAGE SIX, BUT LET'S JUST GO TO

8    PAGE SEVEN.  HERE IS WHERE THE SUBSTANCE OF YOUR PLEA

9    AGREEMENT WITH THE UNITED STATES IS, ON PAGE SEVEN, PAGE

10    EIGHT, PAGE NINE, AND MOST OF PAGE TEN.  DID YOU GO OVER THAT

11    PROPOSED PLEA AGREEMENT WITH MR. MARINO?

12           THE DEFENDANT:  WE DID, YOUR HONOR.

13           THE COURT:  DID HE EXPLAIN IT TO YOU?

14           THE DEFENDANT:  YES, MA'AM, HE DID.

15           THE COURT:  ANY QUESTIONS?

16           THE DEFENDANT:  NO.  I UNDERSTAND IT.

17           THE COURT:  ALL RIGHT.  I'M GOING TO GO OVER IT WITH

18    YOU MYSELF NOW.  AND, AGAIN, AS I'M GOING OVER IT WITH YOU, IF

19    YOU'VE GOT ANY QUESTIONS, STOP ME RIGHT AWAY AND EITHER

20    MR. MARINO OR I WILL TRY AND ANSWER YOUR QUESTION.

21      HERE IS WHAT YOU'RE GOING TO DO.  YOU'LL PLEAD GUILTY TO

22    COUNT TWO OF THE INDICTMENT IN UNITED STATES V. LUSTYIK,

23    12-CR-645.  AGAIN, FULLY UNDERSTANDING YOUR LIMITED RIGHT TO

24    APPEAL YOUR SENTENCE, YOU ARE GIVING UP THAT RIGHT, EXCEPT YOU

25    ARE NOT GIVING UP YOUR RIGHT TO APPEAL THAT'S SET FORTH IN THE

1    STATUTE.  AND REALLY WHAT THAT WOULD MEAN IS IF I GAVE YOU A

2    SENTENCE OF MORE THAN TWO YEARS AND I WOULDN'T LET YOU

3    WITHDRAW YOUR GUILTY PLEA.  DO YOU UNDERSTAND THAT?

4             THE DEFENDANT:  NO, I DIDN'T UNDERSTAND THAT.

5             THE COURT:  OKAY.  REMEMBER, IF I GIVE YOU A

6    SENTENCE -- I'VE AGREED TO GIVE YOU A SENTENCE OF TWO YEARS IN

7    THE 502 CASE, AND TWO YEARS IN THE LUSTYIK CASE TO RUN

8    CONCURRENTLY.  AND IF I DECIDED AFTER READING THE PRESENTENCE

9    REPORTS IN THOSE CASES THAT THAT WAS NOT REASONABLE, I'D LET

10   YOU WITHDRAW YOUR SENTENCE.

11            THE DEFENDANT:  YES, MA'AM, OKAY.

12            THE COURT:  BUT IF FOR SOME REASON I SAID, NO, I'M

13   GOING TO GIVE YOU A SENTENCE THAT'S DIFFERENT, AND I'M NOT

14   GOING TO LET YOU WITHDRAW YOUR SENTENCE -- YOUR GUILTY PLEA,

15   YOU WOULD HAVE A RIGHT TO APPEAL.  DO YOU UNDERSTAND THAT?

16            THE DEFENDANT:  I DO.  I DO.

17            MR. MARINO:  JUST TO CLARIFY, YOUR HONOR.

18            THE COURT:  SURE.

19            MR. MARINO:  AGAIN, OUR UNDERSTANDING IS THAT THE

20   PARTIES HAVE AGREED THAT A RANGE IS APPROPRIATE FROM TIME

21   SERVED TO A MAXIMUM OF 24 MONTHS.

22            THE COURT:  CORRECT.  CORRECT.  YOU'RE GIVING UP

23   YOUR RIGHT TO CHALLENGE YOUR SENTENCE IN A COLLATERAL REVIEW

24   MOTION, UNLESS YOU COULD CLAIM INEFFECTIVE ASSISTANCE OF

25   COUNSEL IN CONNECTION WITH THIS PLEA.  AND THEN IT DESCRIBES

1   ON PARAGRAPH FOUR WHAT YOU'RE GIVING UP, YOUR RIGHT TO APPEAL

2   OR COLLATERALLY CHALLENGE.

3       NOW, I UNDERSTAND, MS. FOJTIK, THAT THERE IS AN ADDITION.

4           MS. FOJTIK:  YES, YOUR HONOR, AND I BELIEVE THIS

5   RELATES TO THE OTHER CASE AS WELL.  BY ENTERING THIS GUILTY

6   PLEA MR. TAYLOR IS IN FACT WITHDRAWING THE PENDING MOTION TO

7   SUPPRESS.  I BELIEVE THAT'S UNDER COURT'S DOCKET NUMBERS 306

8   AND 387.  SO THAT PENDING MOTION TO SUPPRESS FILED BY

9   MR. TAYLOR WOULD BE WITHDRAWN.  MY UNDERSTANDING IS I BELIEVE

10  THAT'S IN THE 502 CASE AS WELL.  I'M NOT SURE THE DOCKET

11  NUMBERS.

12          THE COURT:  DO YOU UNDERSTAND THAT?  IN BOTH THE

13  CASE WE WENT OVER AND THIS CASE, YOU'RE WITHDRAWING YOUR

14  MOTIONS TO SUPPRESS.  DO YOU UNDERSTAND THAT?

15          THE DEFENDANT:  YES, MA'AM.

16          THE COURT:  OKAY.  NOW, LET'S LOOK AT FIVE.

17      AND, GOVERNMENT, AND MR. MARINO, I'M GOING TO NEED SOME

18  HELP.

19      IT SAYS I UNDERSTAND THAT THIS WAIVER OF MY APPEAL AND

20  COLLATERAL REVIEW RIGHTS CONCERNING MY SENTENCE SHALL NOT

21  AFFECT THE GOVERNMENT'S RIGHT TO APPEAL YOUR SENTENCE.

22  HOWEVER, IF YOU APPEAL THE SENTENCE, YOU ARE RELEASING

23  MR. TAYLOR'S AGREEMENT NOT TO APPEAL A SENTENCE; AM I CORRECT?

24          MS. FOJTIK:  YES, YOUR HONOR, THAT IS THE

25  UNDERSTANDING OF THE AGREEMENT.

 1                THE COURT:  AND IS THAT YOUR UNDERSTANDING,

 2    MR. MARINO?

 3                MR. MARINO:  YES, YOUR HONOR.

 4                THE COURT:  ALL RIGHT.  IF FOR SOME REASON I FIND

 5    THAT YOU DIDN'T FULFILL ALL THE OBLIGATIONS UNDER THIS PLEA

 6    AGREEMENT, OR IF I WERE TO LET YOU WITHDRAW YOUR PLEA OF

 7    GUILTY, YOU WON'T CLAIM UNDER ANY SORT OF STATUTE OR THE U.S.

 8    CONSTITUTION THAT WHAT WAS SAID HERE COULD NOT BE USED AGAINST

 9    YOU.  DO YOU UNDERSTAND THAT?

10                THE DEFENDANT:  YES, MA'AM.

11                THE COURT:  IF -- YOU UNDERSTAND THAT IF YOU --

12    AFTER YOU ENTER THIS PLEA AGREEMENT YOU FAIL SPECIFICALLY TO

13    PERFORM OR TO FULFILL COMPLETELY EACH AND EVERY ONE OF YOUR

14    OBLIGATIONS UNDER THIS PLEA AGREEMENT, OR IF YOU ENGAGE IN ANY

15    CRIMINAL ACTIVITY BEFORE SENTENCING, YOU UNDERSTAND YOU WILL

16    HAVE BREACHED THIS PLEA AGREEMENT.  DO YOU UNDERSTAND THAT?

17                THE DEFENDANT:  YES, MA'AM, I DO.

18                THE COURT:  AND IF THAT HAPPENS, THE GOVERNMENT

19    CAN -- IT WILL BE FREE FROM ITS OBLIGATIONS UNDER THIS

20    AGREEMENT.  YOU WON'T HAVE THE RIGHT TO WITHDRAW YOUR GUILTY

21    PLEA.  YOU COULD BE FULLY SUBJECT TO CRIMINAL PROSECUTION FOR

22    ANY OTHER CRIMES, INCLUDING PERJURY OR OBSTRUCTION OF JUSTICE,

23    AND THE GOVERNMENT COULD USE AGAINST YOU DIRECTLY AND

24    INDIRECTLY IN ANY CRIMINAL OR CIVIL PROCEEDING ALL THE

25    STATEMENTS MADE BY YOU AND ANY OF THE INFORMATION OR MATERIALS

1    THAT YOU GAVE, INCLUDING SUCH STATEMENTS, INFORMATION AND

2    MATERIALS THAT WERE GIVEN TO THE GOVERNMENT PURSUANT TO THIS

3    AGREEMENT.  DID YOU GO OVER VERY CAREFULLY THIS PROVISION WITH

4    YOUR ATTORNEY?

5             THE DEFENDANT:  YES, MA'AM, WE DID.

6             THE COURT:  ALL RIGHT.  AND YOU UNDERSTAND THAT THE

7    GOVERNMENT ONLY HAS TO PROVE A BREACH OF THE PLEA AGREEMENT BY

8    A PREPONDERANCE OF THE EVIDENCE.  DO YOU UNDERSTAND THAT?

9             THE DEFENDANT:  I DO.

10            THE COURT:  AND NOTHING IN THIS AGREEMENT SHALL BE

11   CONSTRUED TO ALLOW YOU TO COMMIT PERJURY, TO MAKE FALSE

12   STATEMENTS OR DECLARATIONS, TO OBSTRUCT JUSTICE, OR TO PROTECT

13   YOU FROM PROSECUTION FOR ANY CRIMES NOT INCLUDED WITHIN THIS

14   AGREEMENT.  DO YOU UNDERSTAND THAT?

15            THE DEFENDANT:  YES, MA'AM.

16            THE COURT:  AND YOU UNDERSTAND THAT THE UNITED

17   STATES HAS THE RIGHT TO PROSECUTE YOU FOR ANY SUCH OFFENSE?

18   DO YOU UNDERSTAND THIS?

19            THE DEFENDANT:  I DO.

20            THE COURT:  ALL RIGHT.  AGAIN, THE PROBATION OFFICE

21   IS GOING TO WANT ACCESS FOR ALL YOUR FINANCIAL -- FROM ALL

22   YOUR FINANCIAL INFORMATION.  AND THERE'S SOMETHING CALLED A

23   PROBATION 48 FINANCIAL PACKET, AND YOU WILL FILL IT OUT

24   HONESTLY AND TRUTHFULLY.  DO YOU UNDERSTAND THAT?

25            THE DEFENDANT:  I DO.

1          THE COURT:  AND YOU ALSO UNDERSTAND THAT WHILE THE

2    UNITED STATES WILL NOT OPPOSE YOUR RELEASE PENDING SENTENCING,

3    THE FINAL DECISION REGARDING YOUR BOND STATUS OR DETENTION

4    WILL BE MADE BY ME TODAY.  AND IF YOU ENGAGE IN ANY FURTHER

5    CRIMINAL CONDUCT OR IF YOU VIOLATE ANY CONDITIONS OF RELEASE

6    BEFORE SENTENCING, THE UNITED STATES IS FREE TO ASK ME TO

7    CHANGE YOUR CONDITIONS OF RELEASE OR MOVE TO REVOKE YOUR

8    RELEASE.  DO YOU UNDERSTAND THAT?

9          THE DEFENDANT:  YES, MA'AM, I DO.

10         THE COURT:  OKAY.  NOW, HERE IS WHAT THE GOVERNMENT

11   IS GOING TO ASK.  THEY WILL ASK ME TO DISMISS COUNTS ONE AND

12   THREE THROUGH ELEVEN OF THE INDICTMENT IN U.S. V. LUSTYIK.  IF

13   I ACCEPT YOUR GUILTY PLEA, AND IF YOU FULFILL THIS AGREEMENT,

14   THE GOVERNMENT AGREES THAT IT WILL NOT PROSECUTE YOU FURTHER

15   FOR ANY OF THE CRIMES DESCRIBED IN THE FACTUAL BASIS THAT

16   WE'LL GO OVER IN A MINUTE, OR FOR ANY CONDUCT OF THE DEFENDANT

17   NOW KNOWN TO THE PUBLIC INTEGRITY SECTION, THE ASSET

18   FORFEITURE AND MONEY LAUNDERING SECTION, AND TO THE LAW

19   ENFORCEMENT AGENTS WORKING WITH THE PROSECUTORS ON THE PRESENT

20   INVESTIGATION.  NOTHING IN THIS AGREEMENT THOUGH IS INTENDED

21   TO PROVIDE ANY LIMITATION OF LIABILITY ARISING OUT OF ANY ACTS

22   OF VIOLENCE.

23      THE UNITED STATES RESERVES THE RIGHT TO INFORM ME AND THE

24   PROBATION OFFICE OF ALL FACTS PERTINENT TO THE SENTENCING

25   PROCESS, INCLUDING ALL RELEVANT INFORMATION CONCERNING THE

1  OFFENSES COMMITTED, WHETHER THEY'RE CHARGED OR NOT, AS WELL AS

2  CONCERNING THE DEFENDANT AND THE DEFENDANT'S BACKGROUND.  DO

3  YOU UNDERSTAND THAT?

4          THE DEFENDANT:  YES, MA'AM, I DO.

5          THE COURT:  OKAY.  HERE IS WHAT YOU AND THE

6  GOVERNMENT ARE AGREEING.  AGAIN, IT'S THAT 11(C)(1)(C), WHICH

7  MEANS TWO YEARS TO RUN CONCURRENT.  AND YOU REALIZE THAT I

8  HAVE TO APPROVE IT.  AND IF I ACCEPT YOUR GUILTY PLEA HERE

9  TODAY, THAT MEANS I AGREE TO TWO YEARS TO RUN CONCURRENT.

10  HOWEVER, IF WHEN I GET THE PRESENTENCE REPORT I FIND I CANNOT

11  IN ALL GOOD CONSCIENCE IMPOSE A SENTENCE OF TWO YEARS TO RUN

12  CONCURRENTLY, I WILL GIVE YOU THE RIGHT TO WITHDRAW YOUR

13  GUILTY PLEA.  DO YOU UNDERSTAND THAT?

14          THE DEFENDANT:  YES, MA'AM.

15          THE COURT:  ALL RIGHT.  LET'S TURN -- OH, LET ME ASK

16  YOU THIS.  HAS ANYBODY FORCED YOU OR THREATENED YOU TO MAKE

17  YOU ENTER INTO THIS PLEA AGREEMENT?

18          THE DEFENDANT:  NO, MA'AM.

19          THE COURT:  TURN TO PAGE THREE.  AGAIN, PARAGRAPH 11

20  SAYS THESE ARE THE FACTS THAT THE GOVERNMENT BELIEVES IT COULD

21  PROVE THAT SHOW YOU'RE GUILTY.  AND THOSE FACTS ARE ON PAGE

22  THREE, PAGE FOUR, PAGE FIVE, PAGE SIX.  HAVE YOU CAREFULLY

23  GONE OVER THOSE FACTS WITH MR. MARINO?

24          THE DEFENDANT:  YES, YOUR HONOR, I HAVE.

25          THE COURT:  AND, REMEMBER, IF YOU ANSWER MY NEXT

1    QUESTIONS, YOU'LL BE GIVING UP YOUR RIGHT NOT TO INCRIMINATE

2    YOURSELF, BUT IF YOU DO ANSWER ME, YOU MAKE SURE THAT YOUR

3    ANSWER IS HONEST BECAUSE YOU'RE UNDER OATH.  ARE THOSE FACTS

4    CONTAINED IN PARAGRAPH 11 ACCURATE?

5            THE DEFENDANT:  YES, MA'AM, THEY ARE.

6            THE COURT:  MS. FOJTIK, DO YOU BELIEVE THAT I HAVE

7    COMPLIED WITH RULE 11?

8            MS. FOJTIK:  YES, YOUR HONOR.  I JUST WANT TO BE

9    CLEAR ON THE RECORD.  WE DID THIS IN THE OTHER CASE.  THE

10   GOVERNMENT IS NOT RECOMMENDING FINES OR RESTITUTION IN 645 AS

11   WELL.

12           THE COURT:  ALL RIGHT.

13           MS. FOJTIK:  AND THAT WE ACKNOWLEDGE THAT MR. TAYLOR

14   SHOULD RECEIVE CREDIT FOR TIME SERVED THROUGH TODAY, NOVEMBER

15   27TH.

16           THE COURT:  ALL RIGHT.  HOW ABOUT YOU, MR. MARINO,

17   HAVE I COMPLIED WITH RULE 11?

18           MR. MARINO:  YES, YOUR HONOR.

19           THE COURT:  ANY OTHER QUESTIONS YOU WOULD LIKE

20   ASKED?

21           MR. MARINO:  NO, YOUR HONOR.

22           THE COURT:  LET'S TURN TO THE INDICTMENT IN THE 645

23   CASE.  THERE IS A RATHER LONG BACKGROUND SECTION ON PAGES TWO

24   AND THREE.

25           MR. MARINO, DOES MR. TAYLOR WAIVE MY READING OF THIS

1    BACKGROUND SECTION?

2              MR. MARINO:  YES, YOUR HONOR.

3              THE COURT:  HAVE YOU GONE OVER IT, MR. TAYLOR?  DO

4    YOU KNOW WHAT'S IN THESE?  I BELIEVE THERE ARE EIGHT

5    PARAGRAPHS.

6              THE DEFENDANT:  YES, MANY TIMES, YES, MA'AM.

7              THE COURT:  OKAY.  NOW LET'S LOOK ON PAGE 22, AND IT

8    SAYS COUNTS TWO THROUGH NINE ALLEGE VIOLATIONS OF 18 U.S.C.

9    SECTIONS 1343, 1346 AND 2.  PARAGRAPH 102, THE ALLEGATIONS

10   CONTAINED IN PARAGRAPHS ONE THROUGH EIGHT AND PARAGRAPHS

11   ELEVEN THROUGH 101 -- AND, BY THE WAY, MR. MARINO AND

12   MR. TAYLOR, HAVE YOU GONE OVER PARAGRAPHS 11 THROUGH 101?

13             MR. MARINO:  YES, YOUR HONOR.

14             THE COURT:  AND DO YOU WAIVE MY READING OF THEM?

15             MR. MARINO:  YES, YOUR HONOR.

16             THE COURT:  ARE YOU FAMILIAR WITH THEM, MR. TAYLOR?

17             THE DEFENDANT:  YES, MA'AM.

18             THE COURT:  ARE HEREBY REPEATED, REALLEGED, AND

19   INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN.

20   FROM IN OR ABOUT OCTOBER 2011, THROUGH ON OR ABOUT SEPTEMBER

21   2012, IN THE DISTRICT OF UTAH AND ELSEWHERE, THE DEFENDANT,

22   AND IT'S YOUR NAME AND OTHERS, AND OTHERS KNOWN AND UNKNOWN TO

23   THE GRAND JURY, DEVISED AND INTENDED TO DEVISE A SCHEME AND

24   ARTIFICE INVOLVING THE CONCEALMENT OF MATERIAL INFORMATION TO

25   DEFRAUD AND TO DEPRIVE THE FEDERAL BUREAU OF INVESTIGATION AND

1    THE CITIZENS OF THE UNITED STATES OF THEIR RIGHT TO THE HONEST

2    AND FAITHFUL SERVICES OF LUSTYIK AS A SPECIAL AGENT OF THE

3    F.B.I., THROUGH BRIBERY.

4         EXECUTION OF THE SCHEME:  ON THE DATES LISTED BELOW, IN

5    THE DISTRICT OF UTAH AND ELSEWHERE --

6         HOW DO WE HAVE MR. TAYLOR PLEADING TO ACTIONS FOR

7    LUSTYIK, MS. FOJTIK?

8              MS. FOJTIK:  YOUR HONOR, I BELIEVE THAT AS ALLEGED

9    IN THE FACTUAL BASIS HE'S ACKNOWLEDGING HIS KNOWLEDGE OF

10   THOSE.

11             THE COURT:  DO YOU AGREE?

12             MR. MARINO:  YES, YOUR HONOR.

13             THE COURT:  ALL RIGHT.  MR. LUSTYIK, BUT AIDED AND

14   ABETTED BY YOU, THAT MEANS YOU HAD A HAND IN IT, YOU AIDED AND

15   ABETTED IT, FOR THE PURPOSE OF EXECUTING THE ABOVE-DESCRIBED

16   SCHEME AND ARTIFICE TO DEFRAUD AND DEPRIVE, TRANSMITTED AND

17   CAUSED TO BE TRANSMITTED BY MEANS OF WIRE COMMUNICATION IN

18   INTERSTATE COMMERCE THE FOLLOWING WRITING, SIGNAL, AND SOUND.

19   ON MARCH 1ST, 2012 THERE WAS A VIDEO TELEPHONE CONFERENCE

20   BETWEEN LUSTYIK AND THE FEDERAL PROSECUTORS IN UTAH.

21        MR. TAYLOR, WERE YOU AWARE OF THAT VIDEO TELEPHONE

22   CONFERENCE?

23             THE DEFENDANT:  WHEN, YOUR HONOR?

24             THE COURT:  ON MARCH 1ST, 2012.

25             THE DEFENDANT:  AM I AWARE OF IT NOW?

1          THE COURT:  YES.

2          THE DEFENDANT:  YES, MA'AM.

3          THE COURT:  I'M A LITTLE BIT CONCERNED, COUNSEL.

4   HOW DO YOU THINK THE FACTUAL BASIS IS GOING TO WORK OUT HERE?

5          MR. MARINO:  WELL, YOUR HONOR, AND MS. FOJTIK CAN --

6   CAN CHIME IN AS WELL.  BUT ACTUALLY I BELIEVE MR. TAYLOR,

7   ACCORDING TO THE E-MAIL TRAFFIC WE HAVE, WAS AWARE THAT IT WAS

8   OCCURRING AT THE TIME IT DID.

9          THE COURT:  IS THAT CORRECT?

10         THE DEFENDANT:  YES, MA'AM.

11         THE COURT:  OKAY.  AND YOU WANTED MR. LUSTYIK TO

12   HAVE THAT VIDEO TELEPHONE CONFERENCE?

13         THE DEFENDANT:  YES, MA'AM.

14         THE COURT:  AND THIS WAS PART OF THE SCHEME?

15         THE DEFENDANT:  YES, MA'AM.

16         THE COURT:  ALL RIGHT.  IT WAS A VIOLATION OF TITLE

17   18 UNITED STATES CODE SECTIONS 1343, 1346 AND 2.

18       HOW DO YOU PLEAD TO THAT CHARGE, GUILTY OR NOT?

19         THE DEFENDANT:  GUILTY.

20         THE COURT:  I ACCEPT YOUR GUILTY PLEA TO COUNT TWO.

21   I FIND YOU GUILTY.

22       ALL RIGHT.  IF YOU WANT TO SIGN ALL THE DOCUMENTS, THE

23   ADDENDUM, THE STATEMENT IN ADVANCE.

24         MS. FOJTIK:  YOUR HONOR, WE'VE EXECUTED BOTH THE

25   PLEA AND THE ADDENDUM.

1        MR. MARINO:  WE HAVE FULLY EXECUTED DOCUMENTS.

2        THE COURT:  IF YOU WOULD FILE THEM.  ALL RIGHT, THEY

3    MAY BE FILED.

4        IS THERE ANYTHING ELSE WE NEED TO DO?  I DO HAVE AN

5    AGREEMENT.  IS THERE AN AGREEMENT IN THE CIVIL CASE WHICH YOU

6    NEED ME TO SIGN?

7        MR. CASTLE:  YES, YOUR HONOR, I HAVE THAT, IF I

8    COULD FILE IT WITH THE COURT.

9        THE COURT:  ALL RIGHT.  AND THEN I THINK THERE HAS

10   TO BE AN ORAL MOTION TO RELEASE MR. TAYLOR.

11       IS THERE ANYTHING, SIR, ELSE?

12       LET ME JUST LOOK AT THIS.  I DON'T KNOW THAT JUDGE

13   KIMBALL IS IN TODAY.

14       MR. CASTLE:  YOUR HONOR, WE ACTUALLY SPOKE TO HIS

15   LEGAL ASSISTANT YESTERDAY AND HE'S -- OUR UNDERSTANDING IS

16   HE'S SUPPOSED TO BE HERE SOMETIME AFTER 10:00 FOR A COUPLE OF

17   HOURS.

18       THE COURT:  SHE WOULD KNOW BETTER THAN I.  ALL

19   RIGHT.  IS THERE ANYTHING ELSE OTHER THAN A MOTION FOR

20   MR. TAYLOR'S RELEASE THAT WE NEED TO DO AS FAR AS WHAT WE'RE

21   DOING HERE TODAY?

22       HAVE WE COVERED THE GUILTY PLEAS, MR. CASTLE, MS. FOJTIK?

23       MS. FOJTIK:  WE HAVE, YOUR HONOR.

24       MR. CASTLE:  YES, YOUR HONOR.

25       THE COURT:  ANYTHING ELSE?

1          MR. CASTLE:  I DON'T BELIEVE SO, YOUR HONOR.

2          MS. FOJTIK:  NO.

3          THE COURT:  MR. MARINO, ARE YOU GOING TO ASK THAT

4    MR. TAYLOR BE RELEASED?

5          MR. MARINO:  YES, YOUR HONOR.  I UNDERSTOOD THAT

6    THE -- THE GOVERNMENT IN THE 502 CASE REQUESTS THAT, AND THAT

7    THE GOVERNMENT IN THE 645 CASE DOES NOT OPPOSE IT.

8          THE COURT:  ALL RIGHT.  I AM GOING TO RELEASE

9    MR. TAYLOR SUBJECT TO THE CONDITIONS THAT ARE SET FORTH IN THE

10   PLEA AGREEMENT DOCUMENTS IN THE 502 AND THE 645, AND SUBJECT

11   TO THE CONDITIONS THAT WILL BE SET FORTH BY THE PROBATION

12   OFFICE.  I BELIEVE FOR AT LEAST A LIMITED TIME THAT ELECTRONIC

13   MONITORING IS ADVISABLE.

14      IS THERE A PROBLEM WITH THAT, MR. MARINO?

15         MR. MARINO:  WELL, OBVIOUSLY WE'D PREFER NOT TO DO

16   THAT, YOUR HONOR, BUT --

17         THE COURT:  FOR A LIMITED PERIOD OF TIME, JUST TO

18   SEE HOW ALL OF THIS WORKS OUT, ALL RIGHT, BY WHATEVER

19   CONDITIONS THE PROBATION OFFICER -- THE PROBATION OFFICER

20   DECIDES.

21      PROBATION, DO YOU HAVE ANY REQUESTS FOR RELEASE THAT YOU

22   WANT ME TO IMPOSE?

23         THE PROBATION OFFICER:  YOUR HONOR, I SUBMITTED A

24   PROPOSED RECOMMENDATION FOR CONDITIONS.

25         THE COURT:  AND WHERE IS THAT?  OKAY.  ALL RIGHT.

1    YOU MUST SUBMIT TO THE LOCATION MONITORING INDICATED BELOW,

2    AND ABIDE BY ALL OF THE PROGRAM REQUIREMENTS AND INSTRUCTIONS

3    PROVIDED BY THE PRETRIAL OFFICER RELATED TO THE PROPER

4    OPERATION OF THE TECHNOLOGY.  YOU WILL PAY ALL OR PART OF THE

5    COST OF THE PROGRAM BASED UPON YOUR ABILITY.  AND THAT WOULD

6    BE IT.  AND THERE ARE OTHER OF THE STANDARD CONDITIONS AND ANY

7    SPECIAL.

8         ANYTHING ELSE THAT I NEED TO TAKE CARE OF?  WHAT DO WE

9    NEED TO DO TO MAKE SURE THAT -- WHAT'S IT CALLED?  THAT

10   MR. TAYLOR IS ROLLED UP AND RELEASED TODAY?

11        THE MARSHAL:  YOUR HONOR, WE HAVE CLOTHING FOR HIM

12   DOWNSTAIRS, SO HE CAN BE RELEASED FROM HERE.

13        THE COURT:  ALL RIGHT.  IS THERE ANYTHING -- YES,

14   MR. MCBRIDE.

15        THE PROBATION OFFICER:  YOUR HONOR, SO THE COURT'S

16   AWARE, IF MR. TAYLOR IS GOING TO BE TRAVELING BACK TO

17   MASSACHUSETTS, WE'VE CONTACTED THE OFFICE BACK THERE BUT HAVE

18   YET TO RECEIVE A RESPONSE FROM THEM.  SO THE CONDITIONS MAY

19   NOT BE -- FOR ESPECIALLY MONITORING MAY NOT BE IMPOSED

20   UNTIL -- UNTIL NEXT WEEK AFTER THE HOLIDAYS.

21        THE COURT:  MR. MCBRIDE, ARE THERE -- IF MR. TAYLOR

22   LET'S SAY WERE NOT LEAVING THE JURISDICTION, WOULD HE BE

23   SIGNING SOMETHING TODAY FOR --

24        THE PROBATION OFFICER:  HE WOULD.  HE'D BE SIGNING

25   THE CONDITIONS OF RELEASE, AND THEN ALSO WE WOULD PLACE HIM ON

1    MONITORING IF HE WAS GOING TO REMAIN IN THE DISTRICT OF UTAH.

2    BEING THAT HE'S GOING TO MASSACHUSETTS, THEY UTILIZE A

3    DIFFERENT TECHNOLOGY THAN WE USE HERE.

4          THE COURT:  SO WHAT I'M GOING TO ASK YOU TO DO

5    THOUGH IS EXCEPTING THE ELECTRONIC MONITORING, HAVE MR. TAYLOR

6    SIGN CONDITIONS OF RELEASE, AND THOSE CAN BE TRANSFERRED TO

7    MASSACHUSETTS AND MODIFIED AS THEY WISH.

8          THE PROBATION OFFICER:  CERTAINLY, YES, YOUR

9    HONOR.

10          THE COURT:  I DON'T WANT HIM RELEASED WITHOUT

11    CONDITIONS.

12      YES, MR. MARINO.

13      MS. FOJTIK.

14          MS. FOJTIK:  I WAS JUST GOING TO CLARIFY THE COURT'S

15    ORDER REGARDING THE ELECTRONIC MONITORING OR G.P.S.  THAT

16    IS -- DOES MR. MARINO, MR. TAYLOR HAVE THE ABILITY TO WORK

17    WITH THE PROBATION OFFICE ON THAT OR DO YOU WANT A MOTION TO

18    THIS COURT?

19          THE COURT:  NO.  IT WILL BE DONE THROUGH THE

20    PROBATION OFFICE.

21      AM I CORRECT, MR. MCBRIDE, IN MASSACHUSETTS?

22          THE PROBATION OFFICER:  I BELIEVE THE RECOMMENDED

23    WORDING, YOUR HONOR, IS THAT HE'LL SUBMIT TO LOCATION

24    MONITORING AS DIRECTED BY PRETRIAL SERVICES.

25          THE COURT:  YES.  SO THEY'LL TAKE CARE OF THAT,

1   MS. FOJTIK.  ANYTHING ELSE THOUGH, MS. FOJTIK, THAT WE NEED TO

2   DO TODAY WHILE YOU ARE -- WHILE YOU HAVE ME HERE?

3           MS. FOJTIK:  NO, NOTHING ELSE, YOUR HONOR.

4           THE COURT:  MR. MARINO?

5           MR. MARINO:  YOUR HONOR, MAY I JUST ASK THE COURT

6   POSSIBLY ORDER THAT THE ELECTRONIC MONITORING BE FOR A PERIOD

7   OF 30 DAYS, AND IF IT'S WITHOUT INCIDENT IN THE MEANTIME THAT

8   IT BE TERMINATED AT THAT POINT IF THERE'S NO INCIDENT DURING

9   THAT 30 DAYS?

10          THE COURT:  GOVERNMENT, DO YOU OPPOSE THAT?

11          UNIDENTIFIED SPEAKER:  WE DO NOT, YOUR HONOR.

12          THE COURT:  ALL RIGHT.  DO YOU, MR. --

13          MR. CASTLE:  WE DON'T EITHER, NO, YOUR HONOR.

14          THE COURT:  ALL RIGHT, THAT WILL BE.  YOU JUST

15   MAKE -- 30 DAYS ONLY FROM THE DAY IT STARTS, ALL RIGHT?

16          MR. MARINO:  THANK YOU, YOUR HONOR.

17          THE COURT:  OKAY.  ANYTHING ELSE?

18          MR. MARINO:  NO, YOUR HONOR.

19          MS. FOJTIK:  NO, YOUR HONOR.

20          THE COURT:  ALL RIGHT, WE'LL BE IN RECESS.  THANK

21   YOU.

22              (HEARING CONCLUDED AT 11:06 A.M.)

23                      * * *

24

25

1

2

3

4

5                        CERTIFICATE OF REPORTER

6         I, RAYMOND P. FENLON, OFFICIAL COURT REPORTER FOR THE

7    UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, DO HEREBY

8    CERTIFY THAT I REPORTED IN MY OFFICIAL CAPACITY, THE

9    PROCEEDINGS HAD UPON THE HEARING IN THE CASE OF

10   UNITED STATES OF AMERICA VS. MICHAEL TAYLOR, CASE NO.

11   2:12-CR-502, 2:12-CR-645, IN SAID COURT, ON THE 27TH DAY OF

12   NOVEMBER, 2013.

13        I FURTHER CERTIFY THAT THE FOREGOING PAGES CONSTITUTE

14   THE OFFICIAL TRANSCRIPT OF SAID PROCEEDINGS AS TAKEN FROM MY

15   MACHINE SHORTHAND NOTES.

16        IN WITNESS WHEREOF, I HAVE HERETO SUBSCRIBED MY NAME

17   THIS 13TH DAY OF DECEMBER, 2013.

18

19

20

21                              /S/ RAYMOND P. FENLON

22

23

24

25